IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

DANIEL H. ENGEL, JR.,                    )
                                         )
    Plaintiff,                           )
                                         )        Case No. 2020 CA 001783 NC
                                         )
v.                                       )
                                         )
BUSY BEE CABINETS, INC.                  )
                                         )
    Defendant.                           )        **Jury Trial Demand**
                                         )
_____         )

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Daniel H. Engel, Jr. and shows the Court as follows:

**(Parties, Jurisdiction and Venue)**

1.

This is an action for damages in excess of thirty thousand dollars ($30,000.00), exclusive of attorney fees and costs. This cause of action arises under the Americans With Disabilities Act, 42 U.S.C. §§ 12101, et seq., as amended (hereinafter "ADAA") seeking a remedy for discrimination in employment against Plaintiff for his known or perceived disabilities. This cause of action further arises under the Family and Medical Leave Act of 1993 (hereinafter "FMLA"). Finally, this cause of action arises under Florida Statute § 440.205, as Plaintiff's employment with the Defendant was terminated when he attempted to make a valid claim for worker's compensation benefits.

2.

Plaintiff ("Mr. Engel") is a resident of Charlotte County, Florida and is, in all respects, *sui juris*.

EXHIBIT A

3.

Defendant Busy Bee Cabinets, Inc. ("Busy Bee") is a Florida corporation doing business in the Florida.  Defendant may be served with summons and process in this action upon its registered agent, Matthew Uebelacker, 3455 Bobcat Village Center Rd., North Port, Sarasota County, Florida 34288.

4.

Jurisdiction and Venue are proper in this Judicial District, as Florida Constitution, art. V, §5(b), states that every original action is within the subject matter jurisdiction of either the county court or the circuit court.

**(Factual Allegations)**

5.

Defendant hired Mr. Engel, Jr. as a cabinet assembler / builder on January 9, 2017.

6.

Beginning in January 2018, Mr. Engel, Jr., began to have medical issues for which he was diagnosed with a low back injury (severe lumbar strain) and requested time off of work and received medical care.

7.

On September 14, 2018, Mr. Engel, Jr. was instructed by his employer to meet an installer at a job site at approximately 9:00 A.M.  While waiting for the installer, Mr. Engel, Jr. spoke with his supervisor and was told to unload approximately 15 cabinets on his own. Unfortunately, Mr. Engel, Jr. re-injured his low back while he was unloading the cabinets by himself. This injury occurred while Mr. Engel was in the normal course, and scope of his employment with Busy Bee.

8.

2

That same morning, Mr. Engel, Jr. spoke with his immediate supervisor, Mike Flynn, to report the low back injury and asked for worker's compensation benefits in the form of medical care and time off. Mr. Flynn initially indicated that he would provide the appropriate paperwork for Mr. Engel to sign. However, that never occurred. Instead, at approximately 11:30 AM, Mr. Engel was called into the office of Matt Uebelacker, the owner of the company, where his employment was immediately terminated without reason.

9.

Within 180 days following his termination, Mr. Engel, Jr. timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on disability under the ADAA.

10.

All conditions prior to the filing of this lawsuit have either been met by the Plaintiff or waived by the Defendant.

## COUNT I

## ADAA

11.

Mr. Engel, Jr. respectfully reincorporates the allegations contained in the above paragraphs.

12.

At all times relevant, Defendant was an "employer" as defined in 42 U.S.C. § 12111(5).

13.

At all times relevant, Engel, Jr. was a qualified individual with a disability or was perceived as having a disability as defined in 42 U.S.C. § 12111(8).

14.

Mr. Engel, Jr.'s medical condition constituted a physical impairment that substantially limited one or more of Engel, Jr.'s major life activities or was a perceived disability within the meaning of the ADAA.

15.

Defendant willfully or with reckless indifference violated the ADAA by refusing to make reasonable accommodations for Engel, Jr.'s known or perceived disabilities.

16.

Mr. Engel, Jr. has fulfilled all administrative prerequisites to filing this lawsuit, including filing charges with the EEOC within 300 days of the discriminatory event, and receiving his Right to Sue notice from the EEOC within 90 days of the filing of this action.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant as follows:

(a)     Defendant be ordered to reinstate Plaintiff as an employee;

(b)     Defendant be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(c)     Defendant be enjoined from discriminating against Plaintiff on the basis of his disability, or otherwise;

(d)     Defendant be ordered to compensate, reimburse and make whole Plaintiff for all the benefits Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to pay, benefits, housing costs, insurance costs, training, promotions and seniority;

(e)     Plaintiff recover front pay if Plaintiff is not reinstated by Defendant as requested above;

(f)     Plaintiff recover reasonable attorney's fees including litigation expenses and costs;

(g)     Plaintiff recover interest on the back pay at the legal rate; and,

(h)     Such other relief as the Court deems proper and just.

## COUNT II

## FMLA (INTERFERENCE & RETALIATION)

17.

Mr. Engel, Jr. respectfully reincorporates the allegations contained in the above paragraphs.

18.

At all times matieral, Defendant has employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

19.

Defendant is a covered employer and is subject to the provisions of the FMLA.

20.

During the course of Mr. Engel, Jr.'s employment with the Defendant, Defendant failed to offer him medical leave, and other benefits, under the FMLA.

21.

Defendant retaliated against Mr. Engel, Jr. under the FMLA by terminating him once he requested benefits as well as time off of work to health from his injury.

22.

The Secretary of Labor has not filed suit on Mr. Engel, Jr.'s behalf.

23.

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Mr. Engel, Jr.'s federally-protected rights.

24.

Mr. Engel, Jr. has met all jurisdictional prerequisites to filing suit against Defendant.

25.

The actions herein complained of, including Mr. Engel, Jr.'s termination was done because of Mr. Engel, Jr.'s exercise of his rights under the FMLA.

26.

At the time of the acts alleged, Defendant knew or should have known that the means utilized to punish Mr. Engel, Jr. for using his FMLA leave were forbidden by law.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant as follows:

(a)     Defendant be ordered to reinstate Plaintiff as an employee;

(b)     Defendant be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(c)     Defendant be enjoined from discriminating against Plaintiff on the basis of his disability, or otherwise;

(d)     Defendant be ordered to compensate, reimburse and make whole Plaintiff for all the benefits Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to pay, benefits, housing costs, insurance costs, training, promotions and seniority;

(e)     Plaintiff recover front pay if Plaintiff is not reinstated by Defendant as requested above;

(f)     Plaintiff recover reasonable attorney's fees including litigation expenses and costs;

(g)     Plaintiff recover interest on the back pay at the legal rate; and,

(h)     Such other relief as the Court deems proper and just.

## COUNT III

## WRONGFUL DISCHARGE BY DEFENDANT IN VIOLATION OF FLORIDA STATUTE § 440.205

27.

Mr. Engel, Jr. respectfully reincorporates the allegations contained in the above paragraphs.

28.

Fla. Stat. § 440.205 states:

No employer shall discharge, threaten to discharge, intimidate, or coerce
any employee by reason of such employee's valid claim for compensation
or attempt to claim compensation under the Workers' Compensation Law.
(Fla. Stat. § 440.205, (2003)).

29.

As a result of Plaintiff's filing or attempting to file a claim for workers' compensation

benefits, Defendant discharged the Plaintiff.

30.

Defendant's actions were willful, wanton, and outrageous and without regard for Plaintiff's

rights and feelings.

31.

As a result of Defendant's actions, Plaintiff has suffered economic and emotional damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant and relief in the form of:

(a)     Economic damages, including lost wages, benefits, and other remuneration;

(b)     Reinstatement of full fringe benefits; front and back pay; any other compensatory

damages allowable under law;

(c)    Attorney's fees to the extent permitted by law and costs, emotional distress damages, prejudgment and post judgment interest and any other relief the court deems appropriate

(h)    Such other relief as the Court deems proper and just.

## Jury Demand

Plaintiff herein requests trial by jury of all issues in this action.

Respectfully Submitted,

Deirdre J. DiBiaggio, Esq.
One Flagler Building
14 N.E. 1st Avenue
Suite 1107
Miami, Florida 33132
Tel: (305) 443-1212
Fax: (305) 443-0125
E-Mail: djd@dibiaggiolaw.com
Secondary: dlawparalegal@gmail.com;

BY:

Deirdre J. DiBiaggio, Esq.
Florida Bar No.: 845515
COUNSEL FOR PLAINTIFF

**IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA**

**DANIEL H. ENGEL, JR.,**                    )
                                                                  )
    **Plaintiff,**                                )
                                                                  )       **Case No.:  2020 CA 001783 NC**
                                                                  )
**v.**                                                      )
                                                                  )
**BUSY BEE CABINETS, INC.**               )
                                                                  )
    **Defendant.**                             )
                                                                  )

## NOTICE OF DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES IN COMPLIANCE WITH NEW MANDATORY E-MAIL SERVICE RULE

COME NOW, the Plaintiffs, DANIEL H. ENGEL, JR., by and through undersigned counsel, and in accordance with Florida Rule of Civil Procedure 1.080 (as amended effective September 1, 2012) and new Florida Rule Judicial Administration 2.516 (as enacted effective September 1, 2012), hereby designates undersigned counsel's primary and secondary electronic mail addresses in the above styled cause and respectfully requests that copies of all orders, process, pleadings, and other documents filed or served in this matter be served at the primary and secondary e-mail addresses listed below, with such service e-mail complying with Rule 2.516(b)(1)(E). Service of hard copies is to be made in addition to e-mail service required by new Rule 2.516(b)(1)(A).

Primary:      djd@dibiaggiolaw.com

Secondary:    dlawparalegal@gmail.com; dayanara@dibiaggiolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this document was served by process server on

Defendant, BUSY BEE CABINETS, INC.

Respectfully Submitted,

Deirdre J. DiBiaggio, Esq.
One Flagler Building
14 N.E. 1st Avenue
Suite 1107
Miami, Florida 33132
Tel: (305) 443-1212
Fax: (305) 443-0125
E-Mail: djd@dibiaggiolaw.com
Secondary: dlawparalegal@gmail.com;

BY:

Deirdre J. DiBiaggio, Esq.
Florida Bar No.: 845515
COUNSEL FOR PLAINTIFF